**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                                CASE NO: 3:12-cr-125-J-34JRK

FRANK FREITAS HIGGINBOTHAM            ORDER ON MOTION FOR
                                                                 SENTENCE REDUCTION UNDER
                                                                 18 U.S.C. § 3582(c)(1)(A)

_____

### O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a

reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the factors

identified in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the

Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

    ☒ FACTORS CONSIDERED

Defendant Frank Higginbotham is a 44-year-old inmate incarcerated at Fort Dix

FCI, serving a 152-month term of imprisonment for conspiracy to manufacture five grams

or more of methamphetamine and the distribution of methamphetamine. (Doc. 84,

Judgment; Doc. 108, Order Reducing Sentence).[2] According to the Bureau of Prisons

---

[1]     Higginbotham submitted requests for compassionate release to the warden of his facility on July 8, 2020, and again on August 28, 2020, both of which were denied. (See Doc. 113-4 through Doc. 113-7). Higginbotham filed the instant Motion on October 1, 2020, more than 30 days after he submitted the second request for compassionate release. As such, Higginbotham has satisfied § 3582(c)(1)(A)'s 30-day exhaustion alternative. See 18 U.S.C. § 3582(c)(1)(A).

[2]     The Court originally sentenced Higginbotham to a term of 190 months in prison. However, the Court reduced his term of imprisonment to 152 months pursuant to Amendment 782 to the United States Sentencing Guidelines.

(BOP), he is scheduled to be released from prison on January 14, 2022. Higginbotham seeks compassionate release because of the Covid-19 pandemic and because he suffers from obesity (as measured by a body mass index [BMI] of 33.2) and asthma. (Doc. 113, Motion).

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Higginbotham has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A). Although the record supports Higginbotham's assertion that he is obese and has asthma, based on the record before the Court, Higginbotham's circumstances are not extraordinary and compelling. According to the Centers for Disease Control (CDC), certain underlying conditions increase the risk of severe illness from Covid-19 while other conditions might increase the risk of serious illness.[3] Obesity falls into the former category while moderate-to-severe asthma falls into the latter. Although Higginbotham's BMI of 33.2 qualifies him as

---

[3]     https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

obese, see Motion at 7, his obesity is mild.[4] Moreover, as this Court has stated before, obesity is not an extraordinary condition: "[A]s of 2017-2018, 42.4% of American adults suffer from obesity.[5] Assuming federal prisoners experience th[is] condition[ ] at about the same rate as the general population, if [obesity] qualified as an extraordinary and compelling reason, roughly half the prison population would be eligible for compassionate release." United States v. Hayes, No. 3:18-cr-37-J-34JBT, 2020 WL 3611485, at *2 (M.D. Fla. July 2, 2020). In addition, Higginbotham is not an elderly inmate, and he receives treatment for his asthma, including a budenosine/formoterol inhaler (Symbicort), fluticasone spray, an albuterol inhaler, ipratropium, mometasone furoate, and montelukast sodium tablets (Singulair). (Doc. 113-3, Medical Records at 33-35). Higginbotham describes his own asthma as severe, but the medical records do not confirm that categorization. See generally Medical Records. Indeed, Higginbotham is classified as a Care Level 1 inmate – which is a "healthy or simple chronic care" inmate. (Doc. 113-1, Progress Report at 2). Thus, Higginbotham has not shown extraordinary and compelling reasons for compassionate release. See U.S.S.G. § 1B1.13 & cmt. 1.[6]

In any event, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Higginbotham was

---

[4]     The CDC defines obesity as having a BMI of 30.0 or greater. https://www.cdc.gov/obesity/adult/defining.html. The CDC divides obesity into three categories: Class 1 obesity (BMI of at least 30 but less than 35), Class 2 obesity (BMI of at least 35 but less than 40), and Class 3 or "severe" obesity (a BMI of 40 or greater).

[5]     https://www.cdc.gov/obesity/data/adult.html.

[6]     The Court recognizes there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(C). See United States v. Brooker, — F.3d —, No. 19–3218–CR (2d Cir. Sept. 25, 2020), Slip Op. at 12. The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

convicted of conspiracy to manufacture methamphetamine and the distribution of methamphetamine. The amount of actual methamphetamine attributable to him was 97.68 grams. (Doc. 103, Amendment 782 Memorandum and Presentence Investigation Report [PSR] at ¶¶ 28, 35). Before the instant case, Higginbotham had prior convictions for possessing chemical precursors for manufacturing methamphetamine, possession of methamphetamine, and trafficking methamphetamine. Id. at ¶¶ 48, 49. Despite serving two prison sentences for those offenses, he quickly returned to the same criminal conduct. As the Court explained at sentencing, a sentence in the middle of the guidelines range was appropriate because of "Mr. Higginbotham's repeated conduct in the past," which established him as "a serial methamphetamine producer." (Doc. 94, Sentencing Transcript at 24). "The only thing … that convinced [the Court] that a sentence at the high end of the guidelines wasn't appropriate [was] the fact … that Mr. Higginbotham ha[d] never received any drug treatment, and certainly drug treatment is what this individual needs." Id. The Court remarked that "the significant terms of incarceration that he's had … should have had a greater effect on his continued participation in the drug trade" and that "the rapidity to which Mr. Higginbotham returned to the manufacture of methamphetamine after each release is of grave concern." Id. at 24-25. Although the Court reduced Higginbotham's term of imprisonment to the middle of the amended guidelines range following Amendment 782, see Order Reducing Sentence, a midrange sentence remains appropriate. The Court commends Higginbotham for his educational pursuits in prison. However, in view of all the § 3553(a) factors, further reducing Higginbotham's term of imprisonment at this time would not be consistent with the statutory purposes of sentencing or the Sentencing Commission's policy statements.

Accordingly, upon review of the record, Defendant Frank Higginbotham's Motion

for Compassionate Release (Doc. 113) is **DENIED**.[7]

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of November, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:
Counsel of record
Defendant

---

[7]     To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).